UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELSO YANEZ,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK EATON,<br><br>    Respondent. | Case No. 21-cv-09228-JD<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE**<br><br>Re: Dkt. No. 2 |

Celso Yanez, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

## BACKGROUND

Petitioner was found guilty by a jury of three counts of committing a lewd act on a child under fourteen. *People v. Yanez*, No. H044868, 2020 WL 1899052, at *1 (Cal. Ct. App. April 17, 2020). He was sentenced to 45-years-to-life in state prison. *Id*. The California Court of Appeal affirmed the conviction. *Id*. The California Supreme Court denied review. Petition at 3.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting

each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court prejudicially erred in instructing the jury pursuant to California Criminal Jury Instruction ("CALCRIM") No. 361 (Failure to Explain or Deny Adverse Testimony); (2) the trial court's instruction pursuant to CALCRIM No. 1191B (Evidence of Charged Sex Offense) impermissibly reduced the prosecution's burden of proof and violated defendant's constitutional rights; (3) even if individually harmless, the interplay between CALCRIM Nos. 301, 361, 1190, and 1191B shifted the burden of proof and violated defendant's constitutional rights; (4) the use of the term "victims" during trial was prejudicial error; (5) his due process rights were violated by the admission of expert testimony about the rate of false reports of child abuse and trial counsel ineffective if this claim was not preserved; (6) the cumulative effect of these alleged errors mandates reversal; and (7) his 45-years-to-life sentence is unconstitutionally cruel and/or unusual. Liberally construed, these claims are sufficient to require a response.

Petitioner has also filed a motion to appoint counsel. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). But 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." Petitioner has presented his claims adequately and the issues are not complex. The Court finds that the interests of justice do not warrant the appointment of counsel at this time.

**CONCLUSION**

1. Petitioner's motion to appoint counsel (Dkt. No. 2) is **DENIED**. The clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The clerk also shall serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Dkt. No. 1).

2

2. Respondent shall file with the Court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due sixty (60) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January 12, 2022

JAMES DONATO
United States District Judge